IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| BOWLNEBRASKA, L.L.C., | ) | |
| | ) | CASE NO. BK09-83398-TJM |
| Debtor(s). | ) | A10-8005-TJM |
| BOWLNEBRASKA, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | CH. 11 |
| | ) | |
| vs. | ) | |
| | ) | |
| OMAHA STATE BANK, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

  This matter is before the court on Omaha State Bank's motion for judgment on the pleadings (Fil. #8) and objection by BowlNebraska, L.L.C. (Fil. #15). John A. Sharp and T. Randall Wright represent the debtor, and Robert J. Bothe, Michael T. Eversden, and Robert P. Diederich represent Omaha State Bank. Briefs were filed and the motion was taken under advisement without oral arguments.

  The motion is denied.

  The debtor filed this adversary proceeding to avoid Omaha State Bank's lien on the grounds that the relevant deeds of trust were not properly acknowledged and recorded. The bank has moved for judgment on the pleadings pursuant to Federal Rule of Bankruptcy Procedure 7012 and Federal Rule of Civil Procedure 12(c), arguing that the documents were indeed acknowledged and recorded pursuant to Nebraska law and are not avoidable, thereby giving the bank priority via its properly perfected liens.

  BowlNebraska, L.L.C., borrowed $7,745,000.00 from Omaha State Bank in September 2006 and provided a deed of trust as security. The deed of trust was signed by Steve Sempeck and Theodore Baer as members of BowlNebraska, and the signatures were notarized by Christopher Maher, who is the president of Omaha State Bank and the brother-in-law of Mr. Baer. The deed of trust was modified in April 2007 to increase the principal amount to $8,045,000.00 and was signed and notarized by the same parties. BowlNebraska borrowed an additional $1,000,000.00 in November 2008 and executed another deed of trust. The second deed of trust was signed by Mr. Baer on behalf of the borrower, and that signature was notarized by Mr. Maher. At the same time, the first deed of trust was again modified to reduce the principal amount to $6,500,000.00. That modification was signed by Mr. Baer and notarized by Mr. Maher. All of the instruments were duly recorded by the Douglas County Register of Deeds. BowlNebraska defaulted on the promissory

notes, the bank began foreclosure proceedings and filed notices of default with the Register of Deeds in June 2009, and the debtor filed its bankruptcy case in December 2009.

Like a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), judgment on the pleadings is appropriately granted when there is no dispute as to any material facts and the moving party is entitled to a judgment as a matter of law. Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). Under that standard, "well-pleaded facts, not legal theories or conclusions, determine [the] adequacy of [t]he complaint," and "[t]he facts alleged in the complaint must be enough to raise a right to relief above the speculative level." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009) (internal citations omitted).

In this case, the issue is the validity of the notarization of the signatures on the deed of trust. Nebraska law plainly provides that "[a] notary public is disqualified from performing a notarial act as authorized by Chapter 64, articles 1 and 2, if the notary is a spouse, ancestor, descendant, or sibling of the principal, including in-law, step, or half relatives." Neb. Rev. Stat. § 64-105.01. BowlNebraska's argument that the "principal" is the actual signer rather than the entity represented is persuasive. See Comm. Statement, L.B. 315, 98th Leg., 2d Sess. (Neb. Feb. 28, 2003):

> Section 5 of the bill is amended to clarify that the principal for whom a notarial act is being performed must be in the presence of the notary and the notary must personally know the principal or have satisfactory means of identifying such principal prior to the notary performing the notarial act.

This indicates that a "principal" in this context can only be an individual.

As Mr. Baer's brother-in-law, Mr. Maher was disqualified from notarizing his signature. The exception at section 64-214 permitting bank officers or employees who are notaries public to acknowledge any written instrument given to the bank does not salvage this transaction because section 64-105.01 disqualifies a relative from performing the notarial acts authorized in article 2, which includes the exception for banks.

The presence of Mr. Sempeck's signature on some of the documents does not provide those documents with a veneer of validity because to so hold would circumvent section 64-105.01 in a manner the legislature could not have intended. "The bill provides that a notary public shall not perform notarial duties in matters in which he or she may have a conflict of interest." Introducer's Statement of Intent, L.B. 315, Comm. on Judiciary, 98th Leg., 2d Sess. (Neb. Feb. 28, 2003). Allowing a notary to gloss over a possible conflict of interest simply by including another principal's signature would be contrary to the statute.

Trust deeds, when acknowledged as provided by law, shall be entitled to be recorded. Neb. Rev. Stat. § 76-1017. Here, the deeds of trust and modifications were not "acknowledged as provided by law" because they were improperly notarized, so the documents were not entitled to recordation. See also Neb. Rev. Stat. § 76-241 ("All deeds, mortgages and other instruments of writing shall not be deemed lawfully recorded unless they have been previously acknowledged or

proved in the manner prescribed by statute."). The record of an unacknowledged instrument is a nullity, and constructive notice cannot be imputed from the recording of a document which the statute does not recognize as an instrument that should be recorded. See Wilson v. Griess, 90 N.W. 866 (Neb. 1902) (holding a mortgage void for want of a legal acknowledgment). While the Wilson case concerned the inappropriateness of a notarization of a mortgage to a bank by a notary public who was also a cashier, director, and shareholder of the bank, and the case's outcome would be different today because of subsequent changes to state law resulting in section 64-214 and related sections permitting acknowledgments by bank officers and other interested parties, the salient point for purposes of this discussion is the recitation of long-standing Nebraska law that a security instrument without a legal acknowledgment is void. If an acknowledgment is taken by a person legally disqualified from doing so, "[i]t follows that, if the acknowledgment is void, then the mortgage itself is void[.]" Id. at 869.

Because this decision is dispositive of the matters raised in the complaint, there is no reason to delay entry of judgment for the plaintiff. See, e.g., Chrysler Credit Corp. v. Cathey, 977 F.2d 447, 449 (8th Cir. 1992) (holding that a trial court may sua sponte grant summary judgment to a non-moving party when that party is entitled to judgment and there is no reason to delay entry of judgment); N. Carolina Tech. Dev. Auth., Inc. v. N. Carolina (In re N. Carolina Tech. Dev. Auth., Inc.), 2007 WL 542405, Bankr. No. B-03-83278C-11D, Adv. No. 05-9004 (Bankr. M.D.N.C. Feb. 16, 2007) (holding that because plaintiff's complaint did not state a claim for relief, judgment should be entered granting the defendant's counterclaim, even though the defendant had not moved for judgment on the pleadings as to the counterclaim).

IT IS ORDERED: Omaha State Bank's motion for judgment on the pleadings (Fil. #8) is denied. There being no other legal or factual issue asserted in this adversary proceeding, it is appropriate to enter judgment in favor of the debtor/plaintiff. The bank's deeds of trust and modifications thereto were improperly acknowledged, were not lawfully recorded, and are therefore void. Separate judgment will be entered for the plaintiff.

DATED:    March 15, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    John A. Sharp    T. Randall Wright
    *Robert J. Bothe    *Michael T. Eversden
    *Robert P. Diederich  U.S. Trustee
Movant (*) is responsible for giving notice to other parties if required by rule or statute.